IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>HECTOR HERNANDEZ AGUILAR,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE<br><br><br><br>Case No. 2:11-CR-400 TS |

This matter is before the Court on the Government's Motion in Limine to Exclude Evidence.  Defendant has been charged with one count of illegally reentering the United States in violation of 8 U.S.C. § 1326.  The Government indicates that it is anticipated that Defendant will attempt to present evidence that he reentered the United States by using a green card. Presumably, this evidence would be used by Defendant to show that he had a reasonable belief that he could reenter the United States.  The government argues that the Court should exclude this evidence.

1

As the Ninth Circuit held in *United States v. Leon-Leon*,[1] because specific intent is not an

element of § 1326, evidence of a green card is irrelevant.[2]  This holding was re-affirmed in

*United States v. Amezcua-Herrera*,[3] where the Ninth Circuit provided the following analysis:

> Section 1326 criminalizes being found within the United States after deportation,
> "unless *prior* to [an alien's] reembarkation at a place outside the United States or
> his application for admission from foreign contiguous territory, the Attorney
> General has *expressly consented* to such alien's reapplying for admission."
> Although there is absolutely no evidence that Appellant requested permission to
> reapply for admission prior to approaching the border, he claims that he applied
> for admission to a border inspector and this application constituted a request for
> permission to reapply. We reject Appellant's attempt to collapse the
> clearly-defined, two-step process that § 1326 lays out.  The statute unequivocally
> states that a request for permission to reapply must be made "prior to" applying
> for admission at the border.[4]

The Tenth Circuit has also stated that § 1326 does not require a showing of specific

intent.[5]  Thus, § 1326 "does not require proof the defendant intended to break the law, only that

he or she intended to reenter the United States."[6]  As a result, evidence concerning a green card is

irrelevant to the issues present in this case and its introduction would result in undue confusion.[7]

---

[1]35 F.3d 1428 (9th Cir. 1994).

[2]*Id*. at 1433.

[3]185 F.3d 869 (9th Cir. 1999) (unpublished decision).

[4]*Id*. at *1 (quoting 8 U.S.C. § 1326(a)(2) (emphasis added)).

[5]*United States v. Sierra-Ledesma*, 645 F.3d 1213, 1218 n.1 (10th Cir. 2011).

[6]*Id*. at 1221 n.4.

[7]*See* Fed.R.Evid. 402, 403.

It is therefore

ORDERED that the Government's Motion in Limine to Exclude Evidence (Docket No.

16) is GRANTED.

DATED   January 10, 2012.

BY THE COURT:


_____
TED STEWART
United States District Judge